**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN;

EIGHTH DISTRICT ELECTRICAL BENEFIT FUND;

ZACHARY ESQUIBEL, as Chair of the Delinquency Committee for the Eighth District Electrical Pension Fund, Eighth District Electrical Pension Fund Annuity Plan and Eighth District Electrical Benefit Fund;

NATIONAL ELECTRICAL BENEFIT FUND;

DENVER ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND;

ROCKY MOUNTAIN CHAPTER, NECA;

NATIONAL LABOR-MANAGEMENT COOPERATION FUND;

DENVER JOINT INDUSTRY PROMOTIONAL FUND; and

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 68.

Plaintiffs,

v.

SOLUTIONS MECHANICAL, LLC; and

RALPH E. DANIELS,

Defendants.

---

**COMPLAINT**

---

Plaintiffs set forth above ("Plaintiffs"), for their cause of action against Defendants Solutions Mechanical, Inc. ("Defendant Solutions" or "Solutions Mechanical") and Ralph E. Daniels ("Defendant Daniels" or "Daniels") (collectively "Defendants"), state, allege and aver as follows:

## NATURE OF THE CASE

1. This Complaint brings an action to collect delinquent fringe benefit contributions from Defendants that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreements (hereinafter "CBAs") with Plaintiff International Brotherhood of Electrical Workers Local Union No. 68 (hereinafter "Local 68"). This action also seeks to collect working assessments from Defendants due and owing Plaintiff Local 68, pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the CBAs, and to collect contributions and/or payroll deductions due and owing Plaintiffs under the CBAs and a settlement agreement executed by Defendants on July 1, 2025 (hereinafter "Settlement Agreement").

## PARTIES

2. Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Eighth District Electrical Pension Fund Annuity Plan (hereinafter "Annuity Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and

maintains its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Annuity Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4. Plaintiff Eighth District Electrical Benefit Fund (hereinafter “Benefit Fund”) is an “employee benefit plan” within the meaning of 29 U.S.C. § 1002(3), and is administered in Colorado, with its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Benefit Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Zachary Esquibel (hereinafter “Esquibel”) is a proper party to this action based on his official capacity and fiduciary duties to Plaintiffs Pension Fund, Annuity Plan and Benefit Fund, including the collection of contributions owed to Plaintiffs Pension Fund, Annuity Plan, and Benefit Fund.

6. Plaintiff National Electrical Benefit Fund (hereinafter “NEBF”) is an “employee benefit plan” within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2400 Research Boulevard, Suite 500, Rockville, Maryland. Plaintiff NEBF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

7. Plaintiff Denver Electrical Joint Apprenticeship and Training Trust Fund (hereinafter “JATC”) is an “employee benefit plan” within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration for collection purposes at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff JATC is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

8. Plaintiffs Pension Fund, Annuity Plan, Benefit Fund, JATC, and NEBF (hereinafter “Plaintiff Funds”) are each a “multiemployer plan” within the meaning of 29 U.S.C. § 1002(37)

and have been established and are maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9. Plaintiff Rocky Mountain Chapter, NECA (hereinafter "NECA") is an employer association that maintains an Administrative Maintenance Fund (hereinafter "AMF") as authorized by CBAs with Plaintiff Local 68. Plaintiff NECA maintains its principal office at 495 Unita Way, Suite 240, Denver, Colorado. Plaintiff NECA is a legal entity that may sue or be sued.

10. Plaintiff National Labor-Management Cooperation Fund (hereinafter "NLMCF") is a labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a), and Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). Pursuant to CBAs with Plaintiff Local 68, Plaintiff NECA serves as collection agent for Plaintiff NLMCF. Plaintiff NLMCF is a legal entity that may sue or be sued.

11. Plaintiff Denver Joint Industry Promotional Fund (hereinafter "DJIPF") is a local labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a) and Section 302(c)(9) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9). Pursuant to CBAs with Plaintiff Local 68, Plaintiff NECA serves as collection agent for Plaintiff DJIPF. Plaintiff DJIPF is a legal entity that may sue or be sued.

12. Plaintiff Local 68 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and maintains its principal office at 5660 Logan Street, Denver, Colorado. Plaintiff Local 68 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §185(b).

13. Defendant Solutions is a limited liability company organized and existing under the laws of the State of Colorado, with a principal office address at 11801 E. 33rd Avenue, Suite A, Aurora, Colorado 80010; and is an employer within the meaning of 29 U.S.C. § 1002(5).

14. Defendant Daniels is an individual who resides in the State of Colorado and is an owner of Defendant Solutions.

## JURISDICTION

15. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a). Further, Defendants have consented in the Settlement Agreement to the jurisdiction of the United States District Court for the District of Colorado because a lawsuit to enforce the Settlement Agreement is an action to enforce an agreement with respect to obligations governed by ERISA.

16. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs Pension Fund, Annuity Plan, and Benefit Fund are administered in the State of Colorado, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Colorado. Further, Defendants have consented in the Settlement Agreement to venue in the United States District Court for the District of Colorado.

## CAUSES OF ACTION

### COUNT I: DELINQUENT CONTRIBUTIONS

17. Plaintiffs hereby incorporate by this reference paragraphs 1 through 16 above as if set forth fully herein.

18. Defendant Solutions is a party to one or more CBAs with Local 68 through one or more Letters of Assent, and the CBAs govern the terms and conditions of employment of all

employees of Defendant Solutions performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

19. At all times relevant to this action, Defendant Solutions has employed individuals who have performed work covered by the CBAs.

20. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 68 and Defendant Solutions.

21. Among other duties imposed under the CBAs, Defendant Solutions is required to make contributions to Plaintiff Funds, which provide health, retirement, training, and other benefits to employees of contractors, such as Defendant Solutions, who are signatory to the CBAs with Plaintiff Local 68.

22. Defendant Solutions is obligated under the CBAs and Trust Agreements to timely submit reports and fringe benefit contributions to Plaintiff Funds. Defendant Solutions is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant Solutions' employees at the rates established for Plaintiff Funds in the CBAs and incorporated documents.

23. The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

24. Defendant Solutions has failed to make full contributions to Plaintiff Funds for the hours of covered work performed by its employees under the CBAs during the months of June

2021 through and including September 2022, and January 2024 through and including December 2024. As a result, Defendant Solutions has breached the CBAs and Trust Agreements, and has breached its obligations under ERISA, 29 U.S.C. § 1145, and is liable to Plaintiff Funds for delinquent contributions.

25. The CBAs, Trust Agreements, and ERISA provided remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies are costs of collection, attorneys' fees, interest and liquidated damages.

26. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant Solutions is liable to Plaintiffs Pension Fund, Benefit Fund, Annuity Plan, and JATC for liquidated damages at the rate of ten percent (10%), and Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%) assessed upon untimely and/or unpaid contributions.

27. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant Solutions is liable to Plaintiffs Pension Fund, Benefit Fund, Annuity Fund, and JATC for interest at the rate of the Federal short-term interest rate for underpayment, plus two percent (2%), and to Plaintiff NEBF at the interest rate of ten percent (10%) annually, compounded monthly, upon the untimely and/or unpaid contributions. Interest continues to accrue.

28. Under the CBAs with Plaintiff Local 68, the Trust Agreements, and by law, Plaintiff Funds have the right to audit any books and records of Defendant Solutions as may be necessary to determine the precise amount due to Plaintiff Funds.

29. Plaintiff Funds have conducted an audit of Defendant Solutions' books and records covering the time period June 1, 2021 through September 30, 2022. Pursuant to said audit, Plaintiff

Funds have determined that Defendant Solutions has failed to accurately report and make full and timely contributions to Plaintiff Funds for all hours of covered work performed by Defendant Solutions' employees during the audited time period. Plaintiff Funds have incurred audit costs in the amount of Twenty-Five Thousand Four Hundred Thirty-Eight Dollars and Twenty-Five Cents ($25,438.25). Plaintiff Funds are entitled to recover these audit costs pursuant to the terms of the CBAs and/or Trust Agreements.

29. Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendant Solutions' failure to pay fringe benefit contributions. Plaintiff Funds are entitled to recover these fees and costs pursuant to the CBAs, Trust Agreements, and by law.

30. The CBAs with Plaintiff Local 68 require that Defendant Solutions make contributions to Plaintiff NECA for the AMF and based upon gross wages paid to employees at the rates specified in the CBAs with Plaintiff Local 68.

31. The CBAs require that Defendant Solutions transmit the contributions to Plaintiff NECA for AMF at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent.

32. Defendant Solutions has failed to fully contribute to the AMF for work performed during the months of June 2021 through and including September 2022, and January 2024 through and including December 2024. As a result, Defendant Solutions has breached the CBAs and is liable to Plaintiff NECA for delinquent contributions

33. The CBAs with Plaintiff Local 68 require that Defendant Solutions make contributions to Plaintiff NLMCF based upon payroll hours worked at the rates specified in the CBAs. Plaintiff NECA serves as collection agent for Plaintiff NLMCF.

34. The CBAs require Defendant Solutions to transmit the contributions for Plaintiff NLMCF to Plaintiff NECA, as collection agent, at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent. In addition to the delinquent contributions to Plaintiff NLMCF, pursuant to the CBAs Defendant Solutions is liable to Plaintiff NLMCF for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum as set forth in the CBA.

35. Defendant Solutions has failed to fully contribute to Plaintiff NLMCF for work performed during the months of June 2021 through and including September 2022, and January 2024 through and including December 2024. As a result, Defendant Solutions has breached the CBAs and is liable to Plaintiff NLMCF for delinquent contributions, liquidated damages, and interest. Interest continues to accrue.

36. The CBAs with Plaintiff Local 68 require that Defendant Solutions make contributions to Plaintiff DJIPF based upon payroll hours worked at the rates specified in the CBAs. Plaintiff NECA serves as collection agent for Plaintiff DJIPF.

37. The CBAs require Defendant Solutions to transmit the contributions for Plaintiff DJIPF to Plaintiff NECA, as collection agent, at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent. In addition to the delinquent contributions to Plaintiff DJIPF, pursuant to the CBAs Defendant Solutions is liable to

Plaintiff DJIPF for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum as set forth in the CBA.

38. Defendant Solutions has failed to fully contribute to Plaintiff DJIPF for work performed during the months of June 2021 through and including September 2022, and January 2024 through and including December 2024. As a result, Defendant Solutions has breached the CBAs and is liable to Plaintiff DJIPF for delinquent contributions, liquidated damages, and interest. Interest continues to accrue.

39. The CBAs require that Defendant Solutions deduct work assessments from the wages of all covered employees based upon each payroll hour worked by such employees. The work assessments are to be deducted in accordance with the terms of an individual and written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

40. The terms of the dues authorizations and CBAs require Defendant Solutions to transmit the working assessments deducted from the wages of the covered employees to Plaintiff Local 68 at the end of each month. Dues transmittals not made by the 15th of the following month are deemed delinquent.

41. Defendant Solutions has failed to transmit in full to Plaintiff Local 68 work assessments deducted from the wages of covered employees for work performed during the months of June 2021 through and including September 2022, and January 2024 through and including December 2024. As a result, Defendant Solutions is in breach of the CBAs and each individual dues authorization, and is liable to Plaintiff Local 68 for delinquent working assessments.

42. Pursuant to the Settlement Agreement, Defendant Daniels agreed to be personally and individually liable and responsible for payment of the delinquent contributions, liquidated damages, interest, audit costs, attorneys' fees, and costs of collection for which Defendant Solutions is liable as alleged above in Count I. Defendants agreed to be jointly and severally liable for the amounts owed to Plaintiffs.

43. As a result of Defendants' failure to pay contributions to Plaintiffs as alleged in Count I above, Defendant Solutions is in breach of the CBAs and Trust Agreements, and both Defendants are in breach of the Settlement Agreement, and after all just credits and setoffs, Defendants are jointly and severally liable to Plaintiffs for delinquent contributions in the amount of One Hundred Twenty-Three Thousand Six Hundred Fifty-One Dollars and Eighty-Five Cents ($123,651.85), liquidated damages in the amount of Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Ninety-Four Cents ($63,833.94), interest in the amount of Forty-Eight Thousand Five Hundred Fifty-Eight Dollars and Thirty-Seven Cents ($48,558.37) as of September 1, 2026, audit costs in the amount of Twenty-Five Thousand Four Hundred Thirty-Eight Dollars and Twenty-Five Cents ($25,438.25), as well as attorneys' fees and costs of collection. Interest, attorneys' fees and costs of collection continue to accrue.

**COUNT II: BREACH OF SETTLEMENT AGREEMENT**
**FOR DELINQUENT CONTRIBUTIONS**
(in the alternative)

44. Plaintiffs hereby incorporate by this reference paragraphs 1 through 43 above as if set forth fully herein.

45. On or about July 1, 2025, as a result of Defendant Solutions' failure to make timely and full contributions to Plaintiffs for the months of June 2021 through and including September 2022, and January 2024 through and including December 2024, Defendants entered into a Settlement Agreement with Plaintiffs. In the Settlement Agreement, Defendants agreed to pay Plaintiffs the sum of Two Hundred Sixty-Seven Thousand Eight Hundred Ninety-Seven Dollars and Thirty Cents ($267,897.30) for delinquent contributions, interest, liquidated damages, and attorneys' fees due and owing pursuant to the CBAs with Plaintiff Local 68 and the Trust Agreements. A true and accurate copy of the Settlement Agreement is incorporated herein by this reference and attached hereto as **Exhibit A**.

46. Pursuant to the Settlement Agreement, Defendants agreed to make monthly payments of $2,534.36 to Plaintiffs due on the first Friday of each month, until the entire amount of delinquent contributions with interest, NEBF's liquidated damages, attorneys' fees, and fifty percent (50%) of the audit costs was paid in full. The remaining audit costs and liquidated damages were to be waived only if the all other payments under the Settlement Agreement were successfully completed.

47. Defendants have failed to make payments under the Settlement Agreement, making only the first payment of $2,534.36, and then making no payments thereafter.

48. On September 16, 2025, Plaintiffs' legal counsel sent Defendants a Notice of Default and Acceleration requesting Defendants make all past due payments within five (5) calendar days, and indicating if the default were not cured, the full balance of the settlement would become immediately due. A copy of the Notice of Default and Acceleration is attached hereto as **Exhibit B**.

49. Defendants failed to cure the default, and the Plaintiffs exercised their right of acceleration under the Settlement Agreement.

50. Pursuant to the Settlement Agreement, Defendant Daniels agreed to be individually liable and responsible for the payment of all amounts due under the Settlement Agreement and all contributions and other amounts accruing before the Settlement Agreement is paid in full. Defendants agreed to be jointly and severally liable and responsible for the payment obligations in the Settlement Agreement.

51. After Plaintiffs have accounted for all credits and payments, Defendants remain jointly and severally liable, and indebted to Plaintiffs under the Settlement Agreement in the sum of Two Hundred Ninety-Seven Thousand Seven Hundred Forty-One Dollars and Seventy-Four Cents ($297,741.74) including liquidated damages and audit costs as provided for in paragraph 1.4(b) of the Settlement Agreement, and interest at the contract rate of prime plus two percent (2%) through September 1, 2026. Interest continues to accrue.

52. Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendants' failure to pay contributions pursuant to the CBAs, Trust Agreements, and Settlement Agreement. Plaintiffs are entitled to recover these fees and costs pursuant to the terms of the CBAs, Trust Agreements, Settlement Agreement, and by law.

WHEREFORE, Plaintiffs request that this Court enter an Order:

(1) Finding that Defendants are jointly and severally liable to Plaintiffs and entering judgment against Defendants and in favor of Plaintiffs accordingly;

(2) Finding that Defendants are jointly and severally liable to Plaintiffs in the amount of at least $297,741.74, plus interest accruing after September 1, 2026;

(3) Awarding Plaintiffs their costs of this action and the reasonable attorneys' fees attributable to the collection of all delinquent contributions, liquidated damages, and/or interest alleged to be due and owing Plaintiffs;

(4) Awarding Plaintiffs post-judgment interest; and

(5) Granting Plaintiffs such other relief that the Court deems just and proper.

Dated: September 9, 2026

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

*s/ Eric C. Beckemeier*
Eric C. Beckemeier
6803 West 64th Street, Suite 300
Overland Park, Kansas 66202
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
ECB@blake-uhlig.com
*Attorney for Plaintiffs*